UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT ALEXANDER GRIMSLEY,<br><br>                 Plaintiff,<br><br>   v.<br><br>NIKE, INC, *et al.*,<br><br>                 Defendants. | CASE NO. C23-1894-BHS-MLP<br><br>REPORT AND RECOMMENDATION |

Plaintiff Robert Grimsley is in the custody of the Oregon Department of Corrections, and he is currently confined at the Snake River Correctional Institution ("SRCI") in Ontario, Oregon. (*See* dkt. # 1 at 8.) He has submitted to this Court for filing a complaint in which he seeks civil remedies under 18 U.S.C. § 1964 to redress injuries arising out of an alleged Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy under 18 U.S.C. § 1962(d). (*See id*. at 5.) Plaintiff claims he has been "kidnapped and trafficked" by Defendants' unlawful enterprise since 2018, and that Defendants' enterprise "works cohesively to profit and provide logistical support in the facilitation of the long-term manstealing of Pl's [sic] corpus with their products and services." (*Id*. at 6.) Plaintiff asserts that, as a result of Defendants' racketeering activities, he has had a vehicle repossessed, he has been unable to seek gainful employment, his

REPORT AND RECOMMENDATION
PAGE - 1

"physical & psychological attributes are undeveloped," he has developed chronic COVID at the "manstealing facilities," and he was subjected to beatings and torture without being provided medical care. (*Id*.)

Plaintiff identifies over five hundred defendants in his complaint, which include corporations, corporate executives, municipalities, colleges and universities, U.S. Supreme Court justices, politicians, and various state and federal agencies. (*See* dkt. # 1 at 1-5.) Plaintiff seeks judgment against Defendants in the amount of $10 trillion. (*Id*. at 6.)

Plaintiff failed to submit with his complaint either the requisite filing fee or an application to proceed with this action *in forma pauperis* ("IFP"). The Clerk therefore sent Plaintiff a letter advising him that his submission was deficient because he failed to meet the filing fee requirement. (Dkt. # 2.) The Clerk explained that Plaintiff would have to either pay the filing fee or submit an IFP application by January 11, 2024, or risk dismissal of this action. (*Id*.)

On February 5, 2024, the Court received from Plaintiff a motion for relief from judgment under Fed. R. Civ. P. 60(b) in which he claims he was unable to meet the Court's deadline for correcting the filing fee deficiency because Defendants opened the Court's mail and withheld time-sensitive mail from him until the deadline had expired. (Dkt. # 3 at 1.) Plaintiff further claims he is not a prisoner for purposes of the IFP statute and is therefore exempt from the IFP requirement under 28 U.S.C. § 1915(h). (*See id*.) Plaintiff indicates as well that he cannot afford the filing fee. (*See* dkt. # 3-2.)

The Court first observes that Plaintiff appears to misunderstand the filing fee requirement and the IFP statute. Pursuant to 28 U.S.C. § 1914(a), the clerk of court is required to collect a filing fee from any party instituting a civil action in this Court. Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of the filing fee

REPORT AND RECOMMENDATION
PAGE - 2

where a person demonstrates they are unable to pay the fee. While some provisions of the statute apply specifically to prisoners, the statute in general provides relief from paying filing fees to any qualified person. *See* 28 U.S.C. § 1915(a)(1). Thus, any party seeking to initiate a civil action in federal court must *either* submit with his pleading the statutory filing fee *or* seek leave to proceed IFP under the provisions of § 1915.

The Court also observes that while Plaintiff claims not to be a prisoner, the Oregon Department of Corrections website shows that he is currently confined at SRCI pursuant to convictions on charges of attempted murder in the second degree and assault in the second degree. *See* Oregon Offender Search, *available at* https://docpub.state.or.us/OOS/searchCriteria.jsf (last accessed March 14, 2024). As Plaintiff is currently incarcerated pursuant to a conviction for a violation of the criminal laws of the State of Oregon, he is a prisoner for purposes of the IFP statute. *See* 28 U.S.C. 1915(h). Thus, were Plaintiff to seek leave to proceed with this action IFP, the provisions of § 1915 that apply to prisoners would apply to him.

Though Plaintiff appears disinclined to seek leave to proceed IFP in this action, he has also represented to the Court that he has no money and cannot afford to pay the filing fee. (*See* dkt. # 3-2.) As explained above, the filing fee requirement must be met if Plaintiff wishes to proceed with this action. It is possible Plaintiff's reluctance to seek leave to proceed IFP here is because the provisions of § 1915 applicable to prisoners make it difficult for him to obtain IFP status. Of particular relevance are the provisions of § 1915(g).

Pursuant to § 1915(g), a prisoner may not proceed IFP in a civil action if he has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A review of Plaintiff's

REPORT AND RECOMMENDATION
PAGE - 3

litigation activities demonstrates that he has had more than three prior actions dismissed by various federal courts for one of the reasons identified in § 1915(g): (1) *Grimsley v. Nike, Inc., et al.*, No. 3:23-cv-00878-RSH-JLB (S.D. Cal.), dismissed as frivolous on June 6, 2023; (2) *Grimsley, et al. v. Nike, Inc., et al.*, No. 1:23-cv-00519-UNA (D.D.C.), dismissed as frivolous on April 14, 2023; (3) *Grimsley, et al. v. Nike, Inc., et al.*, No. 3:22-cv-01574-SI (D. Or.), dismissed for failure to state a claim on December 13, 2022; (4) *Grimsley v. Rosenblum*, No. 2:19-cv-02040-IM (D. Or.), dismissed for failure to state a claim on January 23, 2020; and (5) *Grimsley v. State of Oregon, et al.*, No. 19-35066 (9th Cir.), appeal dismissed as frivolous on August 26, 2019.

Because Plaintiff has accumulated more than three strikes, he may not proceed with this action without prepayment of the full filing fee unless he shows he was "under imminent danger of serious physical injury" at the time he signed his pleading. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id*. at 1056 (internal citations omitted).

Plaintiff makes no plausible allegation that he was under imminent danger of serious physical injury at the time he signed his pleading. Plaintiff is therefore ineligible to file this lawsuit in federal court without paying the full filing fee ($405). As Plaintiff makes clear that he is unable to afford the filing fee, this Court recommends that Plaintiff's complaint and this action

be dismissed.[1] A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 12, 2024**.

DATED this 15th day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Even assuming Plaintiff were able to afford the $405 filing fee, it would serve no purpose to allow him an opportunity to pay it as this Court's review of Plaintiff's complaint makes clear that his claims are frivolous.

REPORT AND RECOMMENDATION
PAGE - 5