UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALEXANDER GRIMSLEY, | CASE NO. C23-1894 |
| Plaintiff, | ORDER |
| v. | |
| NIKE, INC., et al., | |
| Defendants. | |

THIS MATTER is before the Court on Magistrate Judge Michelle L. Peterson's Report and Recommendation (R&R). Dkt. 4. Pro se prisoner plaintiff Robert Grimsley seeks to sue Nike (and perhaps 500 other entities or persons) under RICO for "kidnapping" him, though it appears Grimsley is incarcerated at the Snake River Correctional Institute in Ontario, Oregon. He did not pay the filing fee and he did not apply to proceed *in forma pauperis*.

The R&R recommends dismissing the action for failing to pay the filing fee, and notes that Grimsley has had five prior cases dismissed as frivolous. Dkt. 4 at 4. Under 28 U.S.C. § 1915(g), Grimsley is not entitled to proceed *in forma pauperis* in this Court.

ORDER - 1

1        Grimsley has not objected to the R&R, or explained why he has not paid the filing

2  fee. He did file a motion asking Judge Peterson to recuse herself from the case, and

3  asking this Court to "dismiss" the R&R. Dkt. 7. The former request is directed to Judge

4  Peterson, but it is untimely, and Grimsley has provided no justification warranting a

5  referral to Judge Peterson to consider his request in the first instance. Requiring a litigant

6  who is not eligible for *in forma pauperis* status to pay the filing fee is not evidence of

7  bias. Because Grimsley has not paid the filing fee, the case is subject to dismissal, and the

8  court will not "dismiss" or otherwise overrule the R&R.

9        A district judge must determine de novo any part of a magistrate judge's proposed

10  disposition to which a party has properly objected. It must modify or set aside any portion

11  of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

12        The district judge may accept, reject, or modify the recommended disposition;

13  receive further evidence; or return the matter to the magistrate judge with instructions.

14  Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the

15  proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). "[I]n

16  providing for a de novo determination . . . Congress intended to permit whatever reliance

17  a district judge, in the exercise of sound judicial discretion, chose to place on a

18  magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447

19  U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district

20  court adopts a magistrate judge's recommendation, the district court is required to merely

21  "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and

22  summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation."

*United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The Court has reviewed the record de novo and finds no merit to Grimsley's claims, or to his subsequent filing. He has not paid the filing fee and he is not entitled to proceed *in forma pauperis*. The R&R is **ADOPTED**. The case is **DISMISSED** without prejudice and without leave to amend. All other pending motions are denied as moot.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2024.

BENJAMIN H. SETTLE
United States District Judge