UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT ALEXANDER GRIMSLEY,

               Plaintiff,

  v.

NIKE INC.,

              Defendant.

CASE NO.  2:23-cv-01894-BHS

ORDER AFFIRMING DENIAL
(DKT. NO. 14) OF MOTION FOR
RECUSAL (DKT. NO. 13)

This matter comes before the Court on Judge Benjamin H. Settle's order (Dkt. No. 14) declining to voluntarily recuse on the basis of Plaintiff's motion for recusal (Dkt. No. 13).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse himself from a case following a party's motion to recuse, the judge "will direct the clerk to refer the motion to the chief judge."

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a), (b)(1).  In addition, recusal is required pursuant to § 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  Importantly, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at

1    *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  In other

2    words, prior adverse rulings do not suffice as a basis on which to grant recusal.  *Id.*; *United*

3    *States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

4        Plaintiff bases his motion for recusal on a contention that Judge Settle issued "errant

5    Orders not compliant with Federal Law."  (Dkt. No. 13 at 1.)  In particular, Plaintiff takes issue

6    with Judge Settle's adoption of the Report and Recommendation of United States Magistrate

7    Judge Michelle Peterson, which Plaintiff contends is indicative of bias.  (*Id.* at 2.)  As Plaintiff's

8    argument is based only on Plaintiff's disagreement with Judge Settle's rulings, and as Plaintiff

9    identifies no extrajudicial source of bias or prejudice, the Court does not find Plaintiff has raised

10   a valid basis for recusal.[1]  *See Agha-Khan*, 2022 WL 501564, at *1; *Mayes*, 729 F.2d at 607.

11       The Court AFFIRMS Judge Settle's denial (Dkt. No. 14) of Plaintiff's motion for recusal

12   (Dkt. No. 13).  The Court further DENIES Plaintiff's request for the undersigned to "correct the

13   errors and rehear the record," as Plaintiff identifies no legal basis that would support such a

14   request.

15       Dated this 13th day of June 2024.



David G. Estudillo
United States District Judge

---

[1] While Plaintiff's motion largely focuses on a request for the recusal of Judge Settle (Dkt. No. 13 at 1), it concludes with a request that Judge Peterson recuse herself from the case, as well (*id.* at 2).  The Court denies as moot the latter request.  The request is untimely, and Plaintiff's complaint has already been dismissed.