UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT ALEXANDER GRIMSLEY,

    Plaintiff,

v.

NIKE, INC., et al.,

    Defendant.

CASE NO. C23-1894

ORDER

THIS MATTER is before the Court on pro se prisoner plaintiff Robert Grimsley's motion for reconsideration of "all orders," Dkt. 16. Grimsley appears to ask the Court to reconsider its order adopting Magistrate Judge Michelle L. Peterson's Report and Recommendation, Dkt. 8, its order denying his motion for Relief under Rule 60, Dkt. 12, and Chief Judge Estudillo's order affirming the Court's denial of Grimsley's post-judgment motion to recuse, Dkt. 15.

Grimsley's motion is based on his contention that the "court's error arises from faulty protocol regarding the verification of whether plaintiff is properly 'in custody'." Dkt. 16 at 1.

ORDER - 1

1    Under this District's local rules, motions for reconsideration are disfavored and
2 will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts
3 or legal authority which could not have been brought to the Court's attention earlier with
4 reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error"
5 is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of
6 the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622
7 (9th ed. 2009).

8    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests
9 of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,
10 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,
11 absent highly unusual circumstances, unless the district court is presented with newly
12 discovered evidence, committed clear error, or if there is an intervening change in the
13 controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d
14 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis
15 for reconsideration, and reconsideration may not be based on evidence and legal
16 arguments that could have been presented at the time of the challenged decision. *Haw.*
17 *Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or
18 not to grant reconsideration is committed to the sound discretion of the court." *Navajo*
19 *Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041,
20 1046 (9th Cir. 2003).

21    Grimsley's motion does not address or meet this standard. He instead repeats his
22 core claim that he has been kidnapped, not incarcerated. He also contends that the Court's

1 | inability to see the merit of his claims has something to do with the font or the "lack of
2 | polish" of his pleadings. Dkt. 17 at 1.

3 |     Grimsley's motion for reconsideration is **DENIED.** The Court will not entertain
4 | further motions in this closed case.

5 |     **IT IS SO ORDERED**.

6 |     Dated this 16th day of July, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3